UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                        Case No. 11-cr-176-01-SM

Anthony Silva

### ORDER

Re: Document No. 27, Motion for a Franks Hearing

Ruling: Granted in part and denied in part. As a practical matter a Franks hearing was afforded defendant in that evidence was taken relevant to the issue and argument heard. Defendant has not presented evidence sufficient to make a substantial preliminary showing that either a false statement or material omission was made knowingly or with reckless disregard for the truth by the affiant in the affidavit supporting issuance of the challenged search warrant. Accordingly, a Franks hearing was not warranted. In any event, having heard relevant evidence and having considered the matter on the merits, the alleged material omission (claimed unreliability of the complainant/informant) did not constitute a knowing and intentional material omission, nor one arising from a reckless disregard for the truth. The affiant had no personal knowledge of facts that might have suggested caution in considering the informant's information, nor did the Derry police officers who were in contact with the informant. Without question, the informant's report and contemporaneous delivery of counterfeit currency gave the officers reason to suspect that criminal activity had recently occurred, and justified a brief intrusion to investigate and ask defendant for identification. In addition, the information provided by the informant was substantially corroborated by physical evidence (the counterfeit currency produced by the informant) and by later observations by police officers (the description of defendant and his vehicle was consistent with the information provided, the location of the vehicle was as described, and defendant seemed to be living in his vehicle, as described). The police officers properly conducted an investigatory stop based on that information, properly asked defendant for identification, confirmed that he was wanted on an outstanding (unrelated) arrest warrant, placed him under arrest pursuant to that warrant, searched his person incident to that arrest, and discovered a counterfeit driver's license and counterfeit United States currency on his person. Those facts and circumstances gave rise to probable cause

to search the vehicle. Even if the affidavit supporting the later warrant application included information to the effect that the informant seemed to suffer from some psychological deficiencies and sometimes communicated bizarre or fanciful claims or ideas, that information would not have undermined the probable cause determination underlying the warrant, given the lawfuly obtained information referenced above.


Date:  September 14, 2012                /s/ Steven J. McAuliffe
                                         Steven J. McAuliffe
                                         Chief Judge

cc:   Bruce E. Kenna, Esq.
      Alfred Rubega, AUSA